IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMILIO SANCHEZ DURAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0349 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION

Petitioner EMILIO SANCHEZ DURAN is presently confined in the Texas Department of Criminal Justice-Correctional Institutions Division pursuant to a fifteen (15) year sentence assessed on or about May 23, 1991, out of the 357th Judicial District Court, Cameron County, Texas.[1] Petitioner is currently incarcerated in the Dalhart Unit, Hartley County, Texas.

Petitioner DURAN initiated this action by filing, on December 14, 2006, a pleading entitled "Defendant (sic) Motion for Speedy Deportation." By this pleading, petitioner requests that an Order issue directing petitioner's release from the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-ID), and ordering his immediate transfer to the United States Immigration and Naturalization Service (INS) for a hearing and deportation.

After review of the pleadings submitted by petitioner DURAN, it is clear that while he

---

[1] Petitioner also states he is serving an eighty-four (84) month concurrent federal sentence for illegal re-entry. It is not clear when petitioner began serving this federal sentence or whether he has discharged the sentence.

does seek immediate deportation from the United States to his home country, he must first obtain and is primarily seeking release from TDCJ-ID.

# I.
# EXHAUSTION

Petitioner has not shown he has exhausted available state court remedies in seeking his release from state custody. This Court may, however, deny an unexhausted habeas petition. *See* 28 U.S.C. § 2254(b)(2). It is the opinion of the Court that petitioner is not entitled to any relief. Therefore, this case should be heard rather than dismissed for failure to exhaust state court remedies.

# II.
# MERITS

Other than his desire to avoid serving the fifteen (15) year sentence, petitioner has provided the Court with no legal basis that he should immediately be released from TDCJ-ID, nor has he cited any legal authority authorizing this Court to order his immediate release from TDCJ-ID. Petitioner has not challenged his underlying conviction and sentence in any manner. He has been convicted and is now obligated to serve his sentence in TDCJ-ID unless Texas authorities choose to release him by granting parole or some other form of conditional release. Since petitioner has failed to provide any legal basis justifying his release from the penitentiary, he is not entitled to relief.

Further, even if this Court were to construe his petition as a request that the federal immigration authorities immediately take DURAN into custody and deport him, petitioner has failed to provide a legal basis for such an action, nor has he shown that he exhausted administrative remedies by requesting such action by the Immigration and Naturalization

Service, or their successor agency. Further, Title 8 U.S.C. § 1231(a)(4)(A) provides that the Attorney General may not remove an alien sentenced to imprisonment until the alien is released from imprisonment. Lastly, any request by DURAN for this Court to order INS to immediately deport him is not ripe for adjudication unless and until DURAN is actually released from TDCJ-ID and is in the custody of federal immigration officials.

### III.
### RECOMMENDATION

Based upon the foregoing, it is the opinion and finding of the undersigned United States Magistrate Judge that the petition for writ of habeas corpus filed by petitioner EMILIO SANCHEZ DURAN be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of December 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or

electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).